**UNITED STATES of America, Plaintiff,**

v.

**Patrick L. SIMS, Duane Felder, Jacques Gardner, Christopher Russell, Quintin Burt, Defendants.**

**Crim. No. 90–80492.**

United States District Court, E.D. Michigan, S.D.

April 24, 1991.

Amy Hartmann, Detroit, Mich., for U.S.

Timothy P. Murphy, Detroit, Mich., for Patrick L. Sims.

Ted Farmer, Detroit, Mich., for Duane Felder.

Leroy Soles, Detroit, Mich., for Jacques Gardner.

Arthur Jay Weiss, Farmington Hills, Mich., for Christopher Russell.

Ronald McDuffie, Pontiac, Mich., for Quintin Burt.

MEMORANDUM *

COHN, District Judge.

On October 25, 1990, a jury returned a verdict against the five defendants in this case on a seven-count indictment as follows:

A.  Quintin Burt (Burt)—Count I, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Count II, possession or use of a machine gun in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Count III, possession or use of a firearm in connection

* This is an edited version of the Court's decision of Friday, March 8, 1991.

with a drug trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Count IV, possession of an unregistered machine gun in violation of 26 U.S.C. § 586(d) and 18 U.S.C. § 2. Count VII, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

B. Duane Felder (Felder)—Count I, Count II, and Count III.

C. Jacques Gardner (Gardner)—Count I, Count II and Count III.

D. Christopher Russell (Russell)—Count I, Count II, Count III, and Count VI, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

E. Patrick Sims (Sims)—Count I, Count II, Count III, Count IV, and Count V, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

The evidence at trial established that the five defendants, together with a sixth person, a juvenile, attempted to purchase 15 kilograms of cocaine from an undercover agent in the parking lot of a fast food restaurant in Detroit.

They initially gathered at a residence on Fenkell Avenue in Detroit and then travelled to a flat on Clements Avenue in Detroit. They left Clements in three cars, a Pontiac 6000, an Oldsmobile Toronado, and a Merkur, two in each car. At the Clements Street address, they were observed loading guns into the cars. Burt and the juvenile were particularly observed loading a canvas bag, which turned out to hold automatic rifles modified into machine guns, into the Toronado.

At the restaurant, the Toronado was parked some distance from the parking lot. The Pontiac contained a duffel bag with over $300,000.00 in currency, which was to be used to purchase the cocaine. Guns were found in the Merkur and in the Pontiac.

Also found in the Toronado was a machine gun magazine with Sims's fingerprints on it. At the Clements Street address, manuals for converting an automatic rifle into a machine gun and ammunition clips were found.

There was no direct evidence at trial that any of the defendants, except Burt and the juvenile, knew about the machine guns, or that any of the defendants ever saw the machine guns or discussed them. There also was no evidence at trial that the machine guns had been taken out of the canvas bags at any time.

Guideline sentencing is applicable. Given the criminal history of each defendant, the offense level for 15 kilograms of cocaine, and applicable credits, absent any mandatory consecutive sentencing required for the convictions on Counts II and III, the sentences would be as follows:

A. Burt, offense level 34, criminal history 3, range 188 to 235 months.

B. Felder, offense level 32, criminal history 1, range 121 to 151 months.

C. Gardner, offense level 34, criminal history 1, range 151 to 188 months.

D. Sims, offense level 34, criminal history 1, range 151 to 188 months.

E. Russell, offense level 34, criminal history 1, range 151 to 188 months.

The conviction on Count II carries a mandatory 30–year consecutive sentence. 18 U.S.C. § 924(c)(1). The conviction on Count III carries a mandatory five-year consecutive sentence. 18 U.S.C. § 924(c)(1). Initially, it appears that the government took the position that the convictions on Counts II and III required the Court to add 35 years to the guideline sentences imposed.

Given the age of defendants,

A. Burt, 21,

B. Felder, 33,

C. Gardner, 23,

D. Russell, 22,

E. Sims, 25,

the defendants' sentences would range from about 65 to 83 years of age before release, which would effectively mean that each of the defendants would be incarcerated for the rest of their lives.

With the exception of Burt, the convictions on Count II rest on a *Pinkterton* theory, *Pinkerton v. United States*, 328

U.S. 640, 646–47, 66 S.Ct. 1180, 1183–84, 90 L.Ed. 1489 (1946), and a rather simplistic jury instruction, Committee on Pattern Jury Instructions, District Judges Ass'n, Fifth Circuit, *Pattern Jury Instructions, Criminal Cases* § 2.23 (1990), a copy of which is attached.

The instructions, combined with the rather thin evidence on Count II (no direct evidence, but inferences to be drawn from it), give the Court pause and concern over the requirement of adding 30 years to the sentences of each of the defendants, except for Burt. However, because of the rule that requires the Court to vacate one of the two convictions on Counts II and III, the Court is not faced with determining whether the evidence is sufficient to sustain the convictions on Count II or whether, in light of the severe penalty for a conviction under a *Pinkerton* theory in the circumstances of this case, it was appropriate to instruct the jury under *Pinkerton.*

In *United States v. Henry,* 878 F.2d 937, 945 (6th Cir.1989), the Sixth Circuit held that where a defendant is charged with separate offenses under 18 U.S.C. § 924(c)(1) because of the use of different firearms, and only one predicate drug offense is charged, a conviction on both firearm counts charged cannot stand; one of them must be vacated. In *Henry,* the Sixth Circuit also held that the firearm offense most closely related to the drug offense is the one to stand, and the firearm offense which has a less clear and more tenuous relationship to the drug offense is the one to be vacated. *Id.*

Considering the evidence at trial regarding the drug offense and the firearms offenses, it is clear that Count II is to be vacated. The firearms in the Merkur and the Pontiac offered direct coverage of the Pontiac in which the $300,000.00, intended to be exchanged for cocaine, was found. Had it been necessary to use firearms, the firearms in the Merkur and the Pontiac would have come into play long before the machine guns in the Toronado. Indeed, given the location of the Toronado, it is difficult to understand what role its occupants were expected to play as guards in the exchange.

Lastly, vacating the convictions of Felder, Gardner, Russell, and Sims on Count II avoids the necessity of determining whether evidence was sufficient to sustain the convictions and whether the *Pinkerton* instruction was proper in light of the catastrophic consequences a conviction on this count would have on these men. Accordingly, the convictions on Count II are vacated as to Felder, Gardner, Russell, and Sims, and the conviction on Count III is vacated as to Burt, and the Court will proceed to sentencing, an event already too long delayed.

## APPENDIX

Now, let me go and give you these additional rules. A conspirator is responsible for offenses committed by another conspirator. If the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance or as a foreseeable consequence of the conspiracy. Therefore, if you found first a Defendant guilty of conspiracy charged in Count I, and if you find beyond a reasonable doubt that during the time the Defendant was a member of that conspiracy, another conspirator committed the offense in Count II or the offense in Count III in furtherance of or as a foreseeable consequence of the conspiracy, then you may find the Defendant guilty of Count II and III even though the Defendant may not have participated in any of the acts which constitute the offenses described in Count II or III.