41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick SIMS, Defendant-Appellant.
 No. 93-2479.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: WELLFORD, RYAN, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Defendant-Appellant, Patrick Sims, appeals his conviction in relation to firearm charges associated with drug trafficking. The jury originally convicted the defendant of several charges including drug trafficking conspiracy and aiding and abetting the use and carrying of machine guns during drug trafficking in violation of 18 U.S.C. Secs. 924(c)(1) and 2. After the trial the district court vacated Sims's conviction on the Sec. 924(c)(1) machine gun charge. United States v. Sims, 767 F.Supp. 840 (E.D.Mich.1991), aff'd in part, vacated in part, and rev'd in part, 975 F.2d 1225 (6th Cir.1992). On appeal, this Court affirmed the defendant's conviction. However, we reversed the order of the district court vacating the machine gun conviction, United States v. Sims, 975 F.2d 1225 (6th Cir.1992), and remanded the case with instructions for further proceedings on the machine gun count consistent with the opinion. On remand, the district court reinstated the defendant's conviction on the machine gun charge and sentenced the defendant accordingly. United States v. Sims, No. 90-80492, slip op. at 4 (E.D.Mich. Sept. 14, 1993). Defendant timely appealed the reinstated machine gun conviction. For the reasons that follow, we affirm.
 
 I.
 
 2
 On May 31, 1990, defendant Sims and four codefendants were arrested after attempting to purchase 15 kg of cocaine from undercover narcotics officers with the Wayne County Sheriff's Office. The officers found firearms in all three cars used by the defendants in the transaction, including two machine guns (automatic AR-15 rifles). A detailed factual account is contained in our earlier decision. Sims, 975 F.2d at 1228-32.
 
 II.
 
 3
 The sole issue before this Court is whether the district court properly reinstated defendant Sims's conviction on the machine gun charge. In other words, was there sufficient evidence at trial for the jury to find that Sims knew or could have foreseen that the machine guns would be used in furtherance of the conspiracy to buy drugs in order to sustain a conviction under 18 USC Secs. 924(c)(1) and 2?
 
 
 4
 In reviewing a challenge to the sufficiency of the evidence we view the evidence in the light most favorable to the government; we must affirm the jury's verdict unless no rational trier of fact could have found, beyond a reasonable doubt, that Sims committed the machine gun offense charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993).
 
 A.
 
 5
 Defendant Sims first alleges that there was a lack of evidence to connect the machine guns to the underlying drug transaction. The trial court determined, however, that the conduct of Sims's coconspirator and codefendant Burt clearly satisfied the requirement of Sec. 924(c)(1) that the machine gun be "use[d] or carrie[d] ... in relation to" the drug trafficking crime. This Court also affirmed defendant Burt's machine gun conviction in our earlier opinion.[1] Sims, 975 F.2d at 1244.
 
 
 6
 It is not necessary for the machine gun to have been brandished or displayed so long as it facilitated or had a role in the commission of the crime. United States v. Acosta-Cazares, 878 F.2d 945, 951 (6th Cir.), cert. denied, 493 U.S. 899 (1989). The language of Sec. 924(c)(1) "should be construed broadly to cover the gamut of situations where drug traffickers have ready access to weapons with which they secure or enforce their transactions." Id. at 952 (footnote omitted). In the case at hand, the jury was presented with more than sufficient evidence to prove that Sims's codefendant Burt used the machine gun in the commission of the drug trafficking offense.
 
 B.
 
 7
 Defendant Sims next contends there was insufficient evidence at trial for the jury to determine that Sims knew or could have foreseen that the machine gun would be used to facilitate the drug transaction. The rule in Pinkerton v. United States, 328 U.S. 640 (1946), "permits the conviction of a coconspirator for the substantive offense of other coconspirators committed during and in furtherance of the conspiracy." United States v. Martin, 920 F.2d 345, 348 (6th Cir.1990), cert. denied, 500 U.S. 926 (1991). The Pinkerton doctrine punishes conspirators for the crimes of coconspirators which are foreseeable and in furtherance of the conspiracy. United States v. Christian, 942 F.2d 363, 367 (6th Cir.1991) (citing United States v. Troop, 890 F.2d 1393 (7th Cir.1989)), cert. denied, 112 S.Ct. 905 (1992); see also United States v. Chalkias, 971 F.2d 1206, 1217 (6th Cir.1992) ("The possession of a gun by one co-conspirator is attributable to another co-conspirator if such possession constitutes reasonably foreseeable conduct."), cert. denied, 113 S.Ct. 351 (1992). Having found sufficient evidence of a Sec. 924(c)(1) machine gun violation, we must now decide whether sufficient evidence allowed the jury to find that defendant Sims knew or could have foreseen that the machine guns would be used or carried in relation to the drug trafficking crime.
 
 
 8
 Defendant Sims refers to evidence that he was never seen in possession of a machine gun at any time during the drug transaction. Sims also points to the fact that the machine guns were not located in his car. The trial court found, however, numerous pieces of evidence indicating that Sims had knowledge or could have foreseen that the machine guns would be used during the drug purchase. First, Sims's fingerprint was found on one of the drum magazines accompanying the machine guns. These drum magazines could only be used with the AR-15 machine guns. Second, a search of Sims's residence, where the defendants had met before travelling to the location designated for the drug transaction, uncovered an instruction book for converting an AR-15 rifle into a fully automatic weapon as well as the internal parts of an AR-15 consistent with the conversion of such a weapon to fully-automatic. Also found at Sims's residence were marksmanship field manuals for automatic weapons. On the basis of this evidence against Sims, it was clearly reasonable for the jury to infer that Sims had knowledge or could foresee that the machine guns would be used by one or more of his codefendants during and in relation to the underlying drug trafficking offense. Sufficient evidence at trial made it reasonable for the jury to infer that Sims was as much a beneficiary of the weapons as was his codefendant, Burt; that Sims's drug trafficking efforts were clearly facilitated by the presence of the machine guns; and that Sims was emboldened by the presence of those guns. For these reasons, the jury's conviction of Sims on the Sec. 924(c)(1) machine gun charge must be upheld.
 
 III.
 
 9
 For the foregoing reasons, we AFFIRM the conviction and sentence of defendant Sims.
 
 
 
 [1]
 We note that in his appeal, Burt did not challenge the sufficiency of the evidence on his Sec. 924(c)(1) conviction